FILED
FEB 1 2
PER DEPUTY CLERK
SCRANTON, PA.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH BIELAWSKI, | : | |
| Petitioner | : | CIVIL NO. 3:CV-00-1497 |
| v. | : | (Judge Kosik) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## ORDER

**Background**

Joseph Bielawski, while an inmate confined at the Allenwood Federal Correctional Institution (FCI-Allenwood), White Deer, Pennsylvania,[1] filed a motion to modify his sentence in the United States District Court for the Eastern District of Pennsylvania (Eastern District) on May 2, 2000. By order of the Eastern District dated June 23, 2000, the motion was construed as a petition for writ of habeas corpus challenging the duration and location of petitioner's confinement as determined by the Federal Bureau of Prisons ("BOP") and the case was transferred to this court, where it was opened on August 22, 2000. The petition, which did not accompany the transfer order, was received by this court on November 27, 2000. In the petition, Bielawski challenges the failure of the BOP to find him eligible for participation in a drug program which could render him eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e) and half-way house placement.

---

[1]On September 14, 2000, Bielawski submitted a notice of change of address indicating that he is currently confined at the Federal Detention Center in Philadelphia, Pennsylvania (FDC-Philadelphia). His transfer does not divest this Court's jurisdiction over the instant petition. See Alamin v. Gerlinski, 30 F. Supp.2d 464, 465 (M.D. Pa. 1998) (finding jurisdiction over § 2241 petition retained by district court after petitioner's transfer).

For the reasons that follow, Bielawski will be granted in forma pauperis status for the sole purpose of filing this action and the petition will be dismissed for failure to exhaust administrative remedies.[2]

**Background**

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Mascot v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). Exhaustion is required for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Mascot, 98 F.3d at 761-62.

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19. This system contemplates an informal attempt at resolution of the issue followed by formal attempts at resolution via appeal, on the appropriate forms, to the Warden, then the Regional Director, and finally, the General Counsel. Time limits for filing and responding are established at each level of review and extensions of time for filing based on good cause are available.

In reviewing the instant petition, there is no indication whatsoever that Bielawski has ever availed himself of the three tiered administrative remedy process established by the BOP.

---

[2]As Bielawski originally filed this as motion to modify his sentence, he filed neither the full $5.00 filing fee for this action nor an application to proceed in forma pauperis. Normally, he would be required to submit one or the other, however, in view of the disposition made of this matter herein, the court will grant him in forma pauperis status for the sole purpose of filing the petition in this court.

It appears that the Warden, the Regional Director, and the General Counsel have not been afforded a proper opportunity to assess the merits of the instant claim. It is therefore clear that Bielawski has not exhausted his administrative remedies, and the petition should be dismissed without prejudice for that reason.

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." An appropriate order follows. **ACCORDINGLY, THIS 12th DAY OF FEBRUARY, 2001, IT IS HEREBY ORDERED THAT:**

1. Bielawski is GRANTED in forma pauperis status for the sole purpose of filing this action in this court.

2. The petition is DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The Clerk of Court is directed to CLOSE this case.

EDWIN M. KOSIK
United States District Judge